Juan Dela CRUZ, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 6-81-088-CR.

Court of Appeals of Texas,
Texarkana.

July 26, 1983.

Logene L. Foster, Foster, Pope & Orsak, Sugar Land, for appellant.

William A. Meitzen, Crim. Dist. Atty., Richmond, for appellee.

HUTCHINSON, Justice.

This appeal is from a conviction for the offense of unlawfully carrying a handgun. Trial was before the court and punishment was assessed at three days confinement in the county jail and a fine of $250.00.

The only evidence relative to guilt or innocence was introduced during the hearing upon appellant's Motion to Suppress held on June 3, 1980, to determine whether or not the handgun would be admitted. At this hearing the arresting officer and two other people were witnesses. Before ruling on the motion, the court reset the case for June 20, 1980. On this date the court overruled the motion to suppress and admitted the handgun into evidence and then called the case to trial. The State rested its case on guilt or innocence without offering anything further and appellant offered none.

The appellant in his first ground of error asserts that the conviction for the offense cannot be upheld because of the lack of sufficient evidence being introduced of record at the trial on the. merits.

■ The question here presented is whether the evidence heard by the trial judge on a pretrial motion to suppress may be considered by him as evidence in the trial on the merits. If there had been a jury trial on the merits, the State would be required to prove its case without benefit of the evidence introduced in the pretrial hearing. There is no reason why the State should not be required to do the same when the trier of fact is the trial judge. The purpose of the pretrial hearing on the motion to suppress is not only to keep out the evidence sought to be suppressed, but also to exclude hearing evidence otherwise inadmissible in the guilt phase of the trial which is admissible for purposes of ruling on the motion. Not only is otherwise irrelevant evidence often admitted but the rules of evidence are relaxed in suppression hearings. See, *U.S. v. De La Fuente*, 548 F.2d 528, *rehearing denied*, 555 F.2d 1391, *cert. denied sub nom Stewart v. U.S.*, 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249, *cert. denied sub nom Sierra v. U.S.*, 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1979); *U.S. v. Villasenor-Medina*, 468 F.Supp. 787 (D.C. Tex.1979). A defendant is effectively denied his right to object and preserve error for appeal where evidence which is non-ob-

jectionable in a pretrial hearing but would be objectionable at trial may or may not be considered by the trial judge on the merits of the case.

Further, it is evident from Article 28.01, § 2, Tex.Code Crim.Proc.Ann. (Vernon Supp.1982–1983), that this shortcut was not contemplated by the legislature when it established the procedure for the pretrial motion to suppress in 1979. The last sentence of Section 2 states that "The record made at such pretrial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits." This indicates that the suppression hearing is not a part of the trial on the merits but is a totally separate proceeding such that it only becomes a part of the trial record for purposes of appellate review of the motion to suppress. The classification of the suppression hearing as a "pretrial" proceeding is indicative of the legislative intent to keep this separate from the trial on the merits.

The State offered no evidence at the trial on the merits. Thus, this ground of error must be granted.

The judgment is reversed and the cause remanded.